UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60217-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

UGOCHUKU BOBMANUEL,

        Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order of forfeiture. Being fully advised in the premises and based on the motion of the United States and the record in this matter and for good cause shown thereby, the Court finds as follows with respect to forfeiture in this action as to defendant Ugochuku Bobmanuel:

1. On September 7, 2007, the United States Attorney filed an Information charging Ugochukwu Bobmanuel, (hereinafter referred to as "defendant") with knowingly, willfully and unlawfully executing and attempting to execute a scheme and artifice to defraud a financial institution, to wit: Bank of America, and to obtain monies, funds, credits, assets, securities, and other property owned by and under the control of this financial institution by means of false and fraudulent pretenses, representations, and promises, all in violation of Title 18, United States Code, Sections 1344 and 1028A(a)(1)(b) and (c)(5).

2. The Information further sought the forfeiture of the defendant's interest in certain property pursuant to Title 18, United States Code, Section 981(a)(2)(A) including:

    a.     The sum of $11,371.00 in Wachovia Bank Account
           No. 20000028167020 in the name of Black Oak Group, Inc;

  b.  The sum of $4,000.00 in cash seized from the defendant at the time of his arrest;

  c.  The sum of $107,700.00 located in Wachovia Bank Safe Deposit Box Account No. 003781900088 in the name of Ugochukwu Bobmanuel at 14701 Miramar Parkway, Miramar, Florida 33027; and a

  d.  2005 Masserati Vin #ZAMCE39A25001811.

  3.  On November 1, 2007, defendant Ugochukwu Bobmanuel entered a plea of guilty to counts 1 through 4 of the Information, which charges the defendant with Bank Fraud, in violation of 18 U.S.C. §§ 1344. The defendant agreed to forfeit all of his right, title, and interest in the above-referenced property as property constituting or derived from proceeds the defendant obtained directly or indirectly as the result of such violation and/or as property used or intended to be used in any manner or part to commit or facilitate the commission of said violation to the United States.

Therefore, in consideration of the guilty plea and agreed forfeiture by the defendant at the sentencing, upon motion of the United States and for good cause shown thereby, it is hereby,

  **ORDERED and ADJUDGED** that:

  1.  All right, title and interest of defendant Ugochukwu Bobmanuel in the following property is hereby forfeited to the United States of America pursuant 21 U.S.C. § 853(p), and 18 U.S.C. § 981(a)(1)(C):

  a.  The sum of $11,371.00 in Wachovia Bank Account No. 20000028167020 in the name of Black Oak Group, Inc;

  b.  The sum of $4,000.00 in cash seized from the defendant at the time of his arrest;

  c. The sum of $107,700.00 located in Wachovia Bank Safe Deposit Box Account No. 003781900088 in the name of Ugochukwu Bobmanuel at 14701 Miramar Parkway, Miramar, Florida 33027; and a

  d. 2005 Masserati Vin #ZAMCE39A25001811.

 2. The United States Marshals Service, or any duly authorized law enforcement official, shall seize and take custody of the property identified herein above as forfeited under this order pursuant to 21 U.S.C. § 853(p).

 3. The United States shall cause to be published at least once, in a newspaper of general circulation, notice of this Order as required by 21 U.S.C. § 853(n)(6). The notice shall state that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and that the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

 4. The United States may provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

 5. The United States is further authorized, pursuant to 21 U.S.C. § 853(m) and Fed. R. Crim. P. 32.2(c)(1), to conduct any discovery necessary, including depositions, to

identify, locate or dispose of the property ordered forfeited herein or in order to expedite ancillary proceedings related to any third party petition claims filed with respect to the forfeited property.

**IT IS FURTHER ORDERED** that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then pursuant to 21 U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the United States Marshals Service, or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

DONE AND ORDERED in Chambers, at Fort Lauderdale, Florida this 21 day of November, 2007.

HONORABLE WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

cc:   AUSA Roger W. Powell, (5 certified copies)